Circuit Judge Graber
I respectfully dissent.
In January 2011, the first ALJ denied benefits. More than two-and-a-half years later, a second ALJ granted benefits. In my view, the decision of the first ALJ was supported by substantial evidence and contained no legal error, and the two outcomes can be reconciled.
The majority asserts that the first ALJ ignored Claimant’s Mayo Clinic visits. That assertion is incorrect. The ALJ cited the Mayo Clinic reports in noting that Claimant gave “a history of a mass on the right side of the forehead and chronic headaches since October 2007.” AR 21. (citing AR 627). The ALJ found—consistent with the cited Mayo Clinic reports—that Claimant had the severe impairment of chronic headaches; the pivotal question was whether, in January 2011, the ALJ permissibly found that those headaches did not rise to the level of disability. In analyzing that question the ALJ again cited, among other sources in the record, the Mayo Clinic reports—when noting that Claimant’s daily activities and social interactions were not impaired by his mental or physical conditions. AR 24 (citing AR 614-28) (Mayo Clinic reports stating that Claimant reported no impairment in activity or social interactions). After considering all the medical evidence, the first ALJ permissibly weighed that evidence and explained in *376 appropriate detail why he credited some physicians over others.
The first ALJ also permissibly found Claimant not fully credible as to his level of pain. Among other reasons, objective medical evidence did not support the claim of disabling headaches; conservative treatment for the headaches “seemed to help” (AR 25); and significant activities of daily living showed no physical restrictions. The ALJ also gave supported reasons to find that Claimant could perform light work despite the severe impairment of headaches—among other things, an expert so opined.
Even if the first ALJ’s decision were incorrect, the standard for remanding for an award of benefits is not met because there is doubt about Claimant’s disability during the relevant period. For example, Claimant continued to work for at least a year after he alleges the headaches began in 2007, quitting only after the family business, a car dealership, closed in 2008. At the first hearing Claimant testified that he worked through the end of 2008 and later received 'bonuses on account of his 2008 performance, which were paid in 2009.
Additionally, the decisions of the two ALJs can be reconciled. The first one permissibly found Claimant’s extent-of-pain testimony not fully credible, while the second ALJ credited Claimant and examined additional medical evidence. Moreover, the first ALJ observed that Claimant testified that his headaches were “becoming more severe” (AR 24; see also AR 188, where Claimant reported that his migraines had gotten worse), and a worsening of symptoms over time also allows the decisions to be reconciled.
For all those reasons, I cannot join the majority disposition.